**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GWYNEDD STUART,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-1949-Orl-28DAB**

**CITY OF ORLANDO and TRAVIS CIMINI,**

        **Defendants.**

_____

# ORDER

Plaintiff Gwynedd Stuart filed this case against the City of Orlando and one of its police officers. Against the City, she brings state law claims of false arrest and battery, and against Officer Cimini, an action under 42 U.S.C. § 1983 for excessive force and unlawful arrest. (Compl., Doc. 3.) During jury selection, Officer Haddock was seated at counsel's table in full dress uniform, decorated with badges, stripes, and many rows of ribbons.[1]

At the conclusion of voir dire, Plaintiff's counsel moved to exclude Officer Haddock from sitting at counsel's table, or in the alternative, to require that he not appear in uniform. When pressed, Plaintiff's counsel made clear that his objection was to Officer Haddock's appearance in full dress uniform with its accouterments, arguing that Officer Haddock's presence at counsel's table was a transparent effort to influence the jury because his uniform projected an image of strength and authority. Counsel for Defendants responded, arguing that Officer Haddock is the City's designated trial representative and has a right to sit at

---

[1] The Court recognizes Officer Haddock's ribbons as being the same as those awarded to military personnel for service in military campaigns and for acts of valor.

counsel table and wear his uniform in that capacity. Thereafter, the City filed a Response to Plaintiff's Ore Tenus Motion (Doc. 62) and Plaintiff filed a Memorandum in Support of its motion (Doc. 68).

Officer Haddock is a patrolman, the lowest rank in the Department; the origin of his uniform decorations is unclear. He has no relationship to or personal knowledge of this case. He had no management relationship over Officer Cimini and it does not appear that he has the authority or ability to assist defense counsel at trial. Considering Officer Haddock's complete lack of relationship to this case, it appears he is being used as a prop by defense counsel to make a favorable impression on the jury. Although the Court suspects this motive, the Court, in its discretion, will not require Officer Haddock to appear in other appropriate, but less-decorated attire. Except in extraordinary circumstances where the attire of an attendee or witness risks significant disruption or distraction, it is not the Court's role to dictate the attire of persons in the courtroom as long as their attire does not undermine the decorum of the Court. Thus, the Court **DENIES** Plaintiff's Ore Tenus Motion to that extent. This ruling is without prejudice, however, to Plaintiff reraising her argument regarding calling Officer Haddock as a witness to clarify his role and purpose in the trial.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 25th day of June, 2008.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party